*WRIGHT, J.
The hill stated that the complainant’s [329 toother being jiossessed of considerable personal property, made a contract of marriage with Miller, now deceased, by which each party Avas to have the control of the personal property held by them. That in pursuance of this contract, the marriage took place and the parties lived in accordance with it, each keeping a separate purse, till he died. That during the coverture, Miller purchased for his wife, with her money, part of the lot 106, in Dayton, and took the deed to himself, Avithout her knoAvledge, she being a German, and unable to read English. After her death, he sold the lot for $1,000, and conveyed to the purchaser, and died. The complainant, as heir-at-law of the wife, prays that the lot may be considered as held in trust for his mother, and to have the proceeds paid out of decedent’s estate to him with interest.
It is in evidence, that she had eighteen or nineteen hundred dollars before her marriage, and contracted in Avriting that that sum should be laid out in the purchase of real estate, or stock for her sole use and benefit. The marriage took place in 1810; Miller kept the contract, and it can’t be found. In 1814, the mother having received other money, amounting to about eight hundred dollars, directed her husband to purchase the part of lot 106, which he did purchase, and took the conveyance to himself. She died in 1822, without being apprized of this, so far as appears.
We think it probable there is something Avrong in this business, but no relief can be decreed in the present aspect of the case, if at all, because the case made in proof is not the one made in the bill. There is still another difficulty; as the proof stands, the ante-nuptial *336 contract only embraced the 'money then on hand, whereas, the purchase of lot 106, and whatever agreement was made in respect of it was of money received several years after the marriage, and made during coverture. It will be well to consider whether such a contract can be enforced in equity, whatever fraud may have attended the transaction between the husband and wife. If counsel have been misinformed, and think the case can be bettered, leave may be taken to amend the bill in sixty days, on payment of all the costs, or in default the bill will stand dismissed at his costs, and be remanded. Leave was taken.